**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:01-cr-00177-HDM-VPC |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| WAYNE SIMPSON, | ) | |
| Defendant. | ) | |

Defendant moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (#49). The government has opposed (#53, #55), and the defendant has replied (#56).

Section 3582(c)(2) provides that where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States Sentencing Guidelines

1

("U.S.S.G.") § 1B1.10(a)(2) provides:

> [a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

Defendant asserts that he is eligible for relief based on Amendment 748, which modified the sentencing ranges for crack cocaine offenses. Amendment 748, however, was merely a temporary, emergency amendment. (U.S.S.G., 2010 Supp. to App. C, Am. 748). On April 6, 2011, Amendment 748 was re-promulgated as permanent and designated as Amendment 750. On June 30, 2011, the United States Sentencing Commission ("Sentencing Commission") voted to make parts A and C of Amendment 750 retroactively applicable, thus allowing eligible defendants to move for reductions of sentence pursuant to § 3582(c)(2). In light of this history and the intent of defendant's motion, the court construes defendant's motion as seeking relief under Amendment 750, rather than Amendment 748.

Amendment 750 effectively decreased the sentencing ranges for offenses involving crack cocaine by, in relevant part, amending the drug quantity table in U.S.S.G. § 2D1.1. Amendment 750 is also listed in § 1B1.10(c), making it appropriate for retroactive application. But while the defendant was convicted of an offense involving crack cocaine, he was also determined to be a career offender. As such, defendant's sentence was based on § 4B1.1, the guideline provision for career offenders, not on § 2D1.1. *See United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009) ("[A] drug offense sentence that is 'based on' a sentencing range calculated under U.S.S.G. § 4B1.1 because the defendant was a

2

career offender cannot have been 'based on' a sentencing range calculated under the § 2D1.1 drug amount table. The two sentencing schemes are mutually exclusive."). Amendment 750 had no impact on § 4B1.1. Amendment 750 therefore did not lower defendant's sentencing range and does not apply to his sentence. (*See* Memo dated May 20, 2011, from Off. of Research & Data & Off. of Gen. Counsel to Chair Saris, Comm'rs, & Judith Shoen, p. 12, *available at* http:www.ussc.gov/Research/Retroactivity_Analyses/Fair_Sentencing_Act/20110520_Crack_Retroactivity_Analysis.pdf (removing from an analysis of the impact of retroactive application of the crack cocaine amendment offenders originally sentenced pursuant to the career offender and armed career offender provisions, U.S.S.G. § 4B1.1 & § 4B1.4, because "their guidelines range would continue to be controlled by these provisions and would not change")). For that reason, a reduction in defendant's term of imprisonment is not authorized by 18 U.S.C. § 3582(c)(2) and would not be consistent with the Sentencing Commission's policy statement set forth in U.S.S.G. § 1B1.10(a)(2).

Defendant argues that he is nonetheless eligible for relief because his sentencing range under § 4B1.1 was based on the statutory maximum for his crack cocaine offense and the Fair Sentencing Act reduced the statutory penalties for crack cocaine offenses. This argument is without merit. No retroactively applicable changes to the career offender guideline have been made in response to the Fair Sentencing Act, and therefore defendant is not eligible for relief under § 3582(c)(2). Putting aside the specific requirements to be eligible for § 3582(c)(2) relief, defendant's argument also fails on a more general level. Even

3

though the statutory maximums for crack cocaine offenses have in many cases been lowered, the Fair Sentencing Act does not retroactively apply to a defendant sentenced before the date it was enacted. *United States v. Baptist*, 646 F.3d 1225, 1227-29 (9th Cir. 2011). Thus, the court cannot apply the current statutory maximums retroactively to calculate a sentence under § 4B1.1 for a defendant who was sentenced before the Fair Sentencing Act was enacted.[1]

Defendant is not eligible for relief under 18 U.S.C. § 3582(c)(2). The defendant's motion for reduction of sentence (#49) is therefore **DENIED**. The defendant's motion for judicial notice (#52) is also **DENIED**.

**IT IS SO ORDERED.**

DATED: This 8th day of November, 2011.

*Howard D McKibben*
_____
UNITED STATES DISTRICT JUDGE

---

[1] In connection with this argument, the defendant has filed a motion for judicial notice under Federal Rule of Evidence 201 (#52). Although it is not entirely clear, the document sought to be judicially noticed appears to be a legal brief arguing for retroactive application of the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372. As noted above, the Ninth Circuit has rejected this argument. Accordingly, because the document defendant seeks judicial notice of provides no support for his motion for reduction of sentence, the motion for judicial notice (#52) should be denied.

4